Nov. Term,
1853.

BRUTTON
v.
THE STATE.

*J. Ryman,* for the appellant.

*E. Dumont,* for the state.

(1) The judgments in seven other cases of *Brutton* v. *The State* were affirmed, on this day, for the reasons given in this case.

---

BRUTTON *v.* THE STATE.

The defendant was convicted for retailing, under the first section of the liquor act of 1853, neither the affidavit nor the information alleging that the liquor was sold for mechanical, medicinal, or culinary, &c., purposes. That section provides that no person shall retail spirituous liquors, except for sacramental, mechanical, chemical, medicinal, or culinary purposes, without filing with the auditor his bond, &c. *Held,* that the conviction was wrong.

*Saturday,*
*December 31.*

APPEAL from the *Dearborn* Court of Common Pleas.

PERKINS, J.—Prosecution for retailing without license, under the liquor act of 1853. Conviction below.

Neither the affidavit nor the information negatives that the liquor was sold for mechanical, medicinal, or culinary, &c., purposes.   The section of said liquor act which pro- hibits retailing, provides "that no person shall retail spi- rituous liquors, except for sacramental, mechanical, che- mical, medicinal or culinary purposes," "without filing with the auditor his bond," &c.

The exception, which is very comprehensive, is con- tained, it will be observed, in the body of the prohibitory section; and there is no rule better settled than that in such cases the indictment, information, or complaint must negative it.

This rule is too familiar to the profession to require a citation of authorities to prove its existence.   See Chit. Crim. Law, vol. 1, p. 284.   And Mr. *Chitty* remarks, same page, that in prosecutions upon penal statutes much greater strictness is required than in the case of an in- dictment; " for, in general," he says, " it is necessary to show by negative averments, that the defendant is not within any of the provisoes or exceptions of the statute" itself in such prosecutions.

*Per Curiam.*—The judgment is reversed.   Cause re- manded, &c.

*J. Ryman,* for the appellant.

*E. Dumont,* for the state.